*James, for appellant.*

---

## G. Rexinger *v.* Loeb & Bloom.

**Attachment—Order Delivered to Sheriff—Priority of Liens.**

When an order of attachment is sued out and delivered to the sheriff a lien is thereby created on the property of the defendant, prior and superior to one subsequently issued, although the sheriff levies the last one first.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

April 20, 1871.

Opinion by Judge Lindsay:

The order of attachment sued out by Loeb & Bloom bound the stock of groceries in the hands of Littlefield from the time

of its delivery to the sheriff, and the lien thereby created would have been made perfect and complete had the sheriff executed said order upon said property.

In his original return on the order the sheriff makes no mention of the stock of groceries whatever, and in his amended return he merely states that after the lien of Rexinger had been made complete by the levy of the attachment sued out by him, that his "Intention was to levy the attachment of Loeb & Bloom upon said groceries subject, however, to the attachments of Rexinger, but failed to endorse the same, which I now endorse." It is a matter of some doubt from this language whether the intention of the sheriff to make the levy was ever carried out, but if it was, still it is clear he made the same subject to the levy previously made under the attachment of Rexinger. Whether or not the sheriff had the right to require from Loeb & Bloom a bond of indemnity it is unnecessary to decide in the determination of the questions arising upon this appeal.

It is certain that the lien of Rexinger upon the groceries was made complete, before that of Leob & Bloom, (Civil Code, section 263), consequently the proceeds of the sale of the same should have been first applied to the payment of his claim.

For the error of the court in postponing the payment of appellant's debts until that of appellee was satisfied out of the proceeds of the groceries the judgment appealed from must be reversed.

The cause is remanded for further proceedings consistent herewith.

*Bush & Bush, for appellant.*